

# The Attorney General of Texas

September 13, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin. TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas. TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905
915/533-3484

723 Main. Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James M. Windham
Chairman
Texas Board of Corrections
Livingston, Texas 77381

Opinion No. MW-57

Re: Construction of a new prison.

Dear Mr. Windham:

You have asked:

1. Is the Department of Corrections authorized to acquire acreage for a prison site upon which to construct a prison unit solely with the appropriation for prison construction?

2. If so, is there any restriction with respect to the location of such acreage?

The major portions of the appropriations act which are relevant to your inquiry are:

## DEPARTMENT OF CORRECTIONS

|  |  |  | For the Year Ending August 31, 1980 |
|---|---|---|---|
| 8. | Building Program: |  |  |
|  | a. | Beto Unit Construction | $ 13,150,000 |
|  | b. | Proposed New Unit | 20,167,000 |
|  | c. | Cell Block Additions at six units | 13,280,500 |

. . . .

Any unexpended balances as of August 31, 1979, for the Department of Corrections in the general appropriations made and/or reappropriated by the Sixty-fifth Legislature, Regular Session (House Bill

No. 510) for Building Appropriations, (including funds from Mineral Lease Fund No. 272), are hereby reappropriated to the Department of Corrections for the same purpose for the biennium beginning September 1, 1979, provided, however, that such reappropriated funds shall not be expended without the approval of the Board of Corrections; provided, also, that copies of such approvals shall be filed with the governor and the Legislative Budget Board.

. . . .

The Department of Corrections is authorized to acquire from the proceeds of the sale of properties, and/or the exchange of properties, and/or from the appropriation for prison construction, acreage for a prison site upon which to construct a prison unit. The acreage for a prison site shall be acquired only when authorized by the Approval Board consisting of the Governor, the Commissioner of the General Land Office, and the Chairman of the Board of Corrections.

The question arises because of a rider in the preceding appropriations act which covered the period between September 1, 1977, and August 31, 1979. That rider required that land for a new prison was to be acquired from the proceeds of the sale of the Blue Ridge Farm. The use of those funds, however, was limited by statute to the purchase of land within a 75-mile radius of Huntsville. In light of these provisions Attorney General Opinion H-1158 (1978) concluded that any acreage purchased would have to comply with the statutory requirement and be located within 75 miles of Huntsville.

That rider, however, does not appear in the current appropriations act. Neither the reference to the Approval Board nor any other portion of the current appropriations provisions are tied to the 1955 statute authorizing the sale of the Blue Ridge Farm. Acts 1955, 54th Leg., ch. 457, at 1178. In fact, the second rider reproduced above specifically indicates that the department is authorized to finance the acquisition of property from any one of three alternative sources. Thus, the department is specifically authorized to utilize the appropriation for prison construction rather than the proceeds from the sale of the Blue Ridge Farm as the exclusive source of funds for the acquisition of a site for a new prison. The current appropriations act contains no geographic limitation on the use of the appropriation for prison construction.

## SUMMARY

The Department of Corrections may purchase a site for a new prison solely from the appropriation for prison construction. Those funds are not burdened with geographic limitations.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by C. Robert Heath
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Rick Gilpin
William G Reid
Bruce Youngblood